UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LENORA A. STEVENSON,<br>               Plaintiff,<br>v.<br>THE KROGER COMPANY OF MICHIGAN,<br>               Defendant. | Case No. 22-12559<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 17)**

## I. INTRODUCTION

Plaintiff Lenora Stevenson (Stevenson) sues her former employer, The Kroger Company of Michigan (Kroger), alleging that it violated her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, and that it discriminated against her on the basis of age and race in violation of the Michigan Elliot-Larsen Civil Rights Act (ELCRA), M.C.L. 37.2101 *et seq.* ECF No. 1. Kroger moved for summary judgment on all claims. ECF No. 17. The motion is fully briefed, and the Court heard oral argument on January 31, 2024. ECF Nos. 17, 19, 20, 21. For the reasons set forth below, the Court grants Kroger's summary judgment motion and dismisses Stevenson's complaint.

II. **FACTUAL BACKGROUND**

Stevenson worked for Kroger for over 28 years, both as a deli manager and as produce clerk after an on-the-job injury rendered her unable to meet the physical demands of the deli position. See ECF No. 17-2, PageID.103-04. On January 5, 2022, Stevenson was in a serious automobile accident. *Id*. at PageID.102. She immediately notified Kroger that she was unable to work, and store management advised Stevenson to apply for FMLA leave through Kroger's third-party FMLA and disability administrator, MetLife. *Id*. at PageID.105-06.

Stevenson contacted MetLife on January 11, 2022. *Id*. MetLife instructed Stevenson to fill out and return claim forms that it would mail to her. *Id*. at PageID.106. Although Stevenson remembers submitting requests for medical records from her treating physicians in late-January, MetLife did not receive any medical documentation for Stevenson. *Id*. at PageID.108-09, 113. MetLife notified Stevenson in writing on February 2, 2022 that her leave could not be approved because they lacked medical documentation for it, and thus it denied Stevenson's FMLA leave request. ECF No. 17-5, PageID.135-36. As a result, Kroger considered Stevenson absent without authorized leave and thus terminated her employment on February 27, 2022. ECF No. 17-9.

When Stevenson learned that Kroger terminated her employment for unauthorized absences and that MetLife never received her medical records, she immediately had her physicians send the records to MetLife. ECF No. 17-2, PageID.113. MetLife approved Stevenson's leave request on May 25, 2022. ECF No. 17-12.

Stevenson testified at her deposition that she did not sufficiently recover from her injury to return to work after her requested leave and termination. ECF No. 17-2, PageID.115. She indicated that as of the date of the deposition, some 15 months after her injury, she was not able to work. *Id*. at PageID.107. She also testified that, although she hoped for Kroger to create a position to accommodate her disability, she never asked them to do so. *Id*. at PageID.115.

### III. ANALYSIS

**A. Standard of Review**

If a party moves for summary judgment, it will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or

presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes a lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F. Supp. 2d 905, 910 (E.D. Mich. 2004) (quoting *Anderson*, 477

U.S. at 252). To fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

The court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Such a determination requires that the court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id*. at 254. Hence, if plaintiffs must ultimately prove their case at trial by a preponderance of the evidence, then on a motion for summary judgment, the court must determine whether a jury could reasonably find that the plaintiffs' factual contentions are true by a preponderance of the evidence. *See id.* at 252-53. Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

**B. FMLA**

1. Entitlement Claim

Employees pursuing a FMLA entitlement claim must prove that their employer interfered with or denied them a FMLA benefit to which they were entitled. *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 511 (6th Cir. 2006). FMLA entitles qualifying employees to up to 12 weeks of unpaid leave each year if the employee has a serious medical condition that makes the employee unable to perform the functions of her position. *Id*. at 506 (citing 29 U.S.C. § 2612(a)(1)(D)). "Qualifying employees who return to work within that 12-week period are entitled to be reinstated to their previous position, or 'to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.'" *Id*. (quoting 29 U.S.C. § 2614(a)(1)).

An employee who remains unable to perform an essential function of the position because of her physical or mental condition after the 12 weeks elapse has no right to restoration or to another position under the FMLA. *Id*. (citing 29 C.F.R. § 825.214(b)). Therefore, if an employee is incapable of returning to work or performing an essential function of her position at the end of her statutory leave period, termination does not interfere or deny a benefit to which the employee was entitled. *Id*. at 511-12. Consequently, employers do not violate the FMLA when they fire an employee who is

indisputably unable to return to work at the conclusion of the 12-week statutory leave period. *Id.* at 506-07.

As conceded by her counsel at oral argument, Stevenson was indisputably unable to return to her produce clerk position with Kroger at the conclusion of what would have been her 12-week leave. She stated throughout her deposition that she was unable to resume her position in the spring of 2022 and, in fact, remained unable to work at the time of her deposition in April 2023. *See, e.g.*, ECF No. 17-2, PageID.107, 115.

That Stevenson's ultimate inability to resume her duties was not known to Kroger when it terminated her is of no significance. Courts reviewing a summary judgment motion in an entitlement case should consider all the medical evidence bearing on the employee's ability to timely return, not just the evidence available at the time of termination. *Edgar*, 443 F.3d at 512. Thus, employers in entitlement cases may avoid liability for interference even if the medical evidence on which they rely did not emerge until after the termination occurred. *See id*.

Because Stevenson was not able to return to work after the 12-week leave period elapsed, her earlier termination did not interfere with her rights under the FMLA. Kroger is thus entitled to summary judgment on Stevenson's FMLA entitlement claim.

2.  Retaliation Claim

A prima facie case of retaliation under the FMLA requires a plaintiff to establish that (1) she availed herself of a protected right under the FMLA; (2) her employer was aware of the protected activity; (3) she suffered an adverse employment action; and (4) there is a causal connection between the protected FMLA activity and the adverse employment action. *Saroli v. Automation & Modular Components, Inc.*, 405 F.3d 446, 451 (6th Cir. 2005). Kroger argues in its motion that Stevenson cannot demonstrate a causal connection between her FMLA request and her termination and thus fails to establish a prima facie case for FMLA retaliation.

In a single sentence, without citation to the record or to any authority, Stevenson counterargues that Kroger's refusal to reinstate her after her post-termination approval for FMLA leave presents a question of fact as to whether Kroger retaliated against her for seeking leave under the FMLA. *See* ECF No. 19, PageID.205. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"—"[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quotations and alterations omitted). "[I]t is not for the court to search the record and

construct arguments. Parties must do that for themselves*." Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017) (declining to consider party's arguments when it left "it to the court to seek out the relevant law, identify the relevant evidence, and develop their argument for them"); *see also, e.g.*, *Lyngaas v. Curaden* AG, 2021 WL 6049428, at *3 (E.D. Mich. Dec. 21, 2021) ("Where a party fails to explain an argument and supply authority . . . a court need not attempt to supply the missing information."). Additionally, because Stevenson failed to address retaliation under the FMLA at oral argument, she has not met her burden to come forward with specific facts showing that there is a genuine issue for trial as to her FMLA retaliation claim, thus warranting summary judgment in favor of Kroger.

### C. ELCRA

In response to Kroger's motion, Stevenson acknowledged that discovery did not yield facts to support her race and age discrimination claims and thus agreed to dismiss those claims. *See* ECF No. 19, PageID.193. Accordingly, the Court grants Kroger's motion for summary judgment on Stevenson's ELCRA claims.

### IV. CONCLUSION

For the reasons above, Kroger's motion for summary judgment (ECF No. 17) is **GRANTED**. Stevenson's complaint (ECF No. 1) is **DISMISSED**

**WITH PREJUDICE**.

                                                  s/Shalina D. Kumar
                                                  Shalina D. Kumar
                                                  United States District Judge

Dated: February 14, 2024